# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

| | |
|---|---|
| PATRICIA CHAMBERS, on her own behalf and as next friend on behalf of minor child, S.W. | ) ) Civil Action No. 1:19cv093-GHD-DAS ) |
| Plaintiffs, | ) JURY DEMANDED |
| v. | ) |
| Stephanie Green-Stubbs and Stefany's Vocal & Performance Training Studios, LLC. | ) ) ) |
| Defendants. | ) |

## COMPLAINT

COME NOW, Plaintiffs, Patricia Chambers and S.W., by and through her next friend and guardian, Patricia Chambers, (hereafter collectively "Plaintiffs") and file this their Complaint against Stephanie Green-Stubbs and Stefany's Vocal & Performance Training Studios, LLC (hereafter "Defendants" or "Green-Stubbs"), and in support would show this Honorable Court, as follows:

## **PARTIES**

1. Patricia Chambers is an adult resident citizen of Lee County, Mississippi. Patricia Chambers is grandmother and legal guardian of minor plaintiff S.W.

1

2. S.W.is a thirteen-year-old minor who brings suit through her grandmother and next friend, Patricia Chambers.

3. Upon information and belief, Stephanie Green-Stubbs is an adult resident citizen of Lee County, Mississippi. Green-Stubbs can be served with process of this Court at 1707 Lawndale Drive, Tupelo, Mississippi 38801.

4. Upon information and belief, Stefany's Vocal & Performance Training Studios, LLC is a limited liability company, organized and existing under the laws of the state of Mississippi with a principal place of business at 515 South Gloster Street, Tupelo, Mississippi 3880. Stefany's Vocal & Performance Training Studios, LLC can be served with process of this Court through its registered agent Stephanie Stubbs, 1707 Lawndale Drive, Tupelo, Mississippi 38801.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1338(a), as it is a civil action arising under an Act of Congress relating to copyrights; under 28 U.S.C. § 1331 as it involves a federal question under 17 U.S.C. § 101 *et seq.*, as amended (the "Copyright Act"); and under 28 U.S.C. § 2201 as it is a declaratory judgment action.

2. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant continuously and systematically conducts business in the State of Mississippi and within this District, including entering contracts with and providing products and services to Mississippi residents and the advertising and sale of its products and services through the direct mailings and the Internet to Mississippi residents.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) as a substantial part of the events giving rise to the claims at issue and a substantial part of

property that is the subject of this action is situated, within the Northern District of Mississippi. Further, venue is proper in this District because Defendant is transacting business in this District.

## FACTUAL BACKGROUND

4. Patricia Chambers is songwriter who has a long musical history. Patricia adopted her thirteen-year-old granddaughter S.W. following the death of her parents. Patricia began encouraging S.W. to develop her love of music and singing.

5. In October of 2016, S.W. was planning to participate in a talent show and sing "I Will Always Love You." Patricia hired Stephanie Green-Stubbs as S.W.'s vocal coach to help her improve her singing for the show. Green-Stubbs continued to coach S.W. following the talent show.

6. On or about February 24, 2017, Patricia and S.W. were sitting in their vehicle, waiting for the train to pass in downtown Tupelo, Mississippi. Patricia overheard S.W. creating and singing the melody of what would become the song "Shake Rag." When they arrived home, Patricia wrote the lyrics to accompany the melody. The same day, Patricia and S.W. took the lyric sheet to Farmers and Merchant's Bank in Mooreville, Mississippi and had it notarized. Notarized Lyric Sheet, attached as Exhibit "A."

7. Patricia has written a number of other songs and having them notarized is her standard practice. She has a booklet of similarly notarized lyrics sheets.

8. Shortly thereafter in early March of 2017, Patricia approached Green-Stubbs about teaching S.W. to sing "Shake Rag." During this time period, Stephanie publically acknowledged on social media that Patricia and S.W. wrote the song. Facebook Admissions by Green-Stubbs, attached as Exhibit "B."

9. Stephanie encouraged Patricia and S.W. to record the song at Fame Recording in Muscle Shoals, Alabama, but Stephanie claimed that S.W. was not experienced enough to sing it alone and wanted to put her vocal on the track as well. As a result, Stephanie and Patricia agreed to split the cost of the studio and the musicians.

10. On April 11, 2017, Patricia, S.W., Green-Stubbs, Green-Stubbs's nephew Zachary Stubbs, and Green-Stubbs's son B.S. all traveled together to Fame Recording. At the studio, four musicians wrote the music to accompany the song based on S.W.'s melody. Stephanie and S.W. sang the vocals for the recording. After the session was complete, the studio gave the USB of the recording to Stephanie. Stephanie also took the sheet music that the musicians created as a "souvenir."

11. Eight days later, on April 19, 2017, Green-Stubbs fraudulently applied for registration of "Shake Rag" with the U.S. Copyright Office, listing herself as the sole owner and the composer of the entirety of the music, lyrics, musical arrangement, vocals, and background vocals. The U.S. Copyright Office has since issued Registration No. SRu001299941 for "ShakeRag...Not Forgotten!" to Green-Stubbs based on her fraudulent misrepresentations. Patricia and S.W. had no knowledge of Green-Stubbs's copyright application or that she was claiming ownership of "Shake Rag."

12. In May of 2017, Patricia formally terminated Green-Stubbs as S.W.'s vocal coach after she discovered that Green-Stubbs was claiming ownership of "Shake Rag."

13. In June of 2017, S.W. recorded another version of "Shake Rag" without Green-Stubbs' vocals. Patricia approached Patrick Devaughn, a youth pastor, in Saltillo, Mississippi who created new music for the song. They recorded the new version and uploaded it on Soundclick.com. S.W.'s version became the number one Rockabilly and country song

4

for over two months on Soundclick.com. Green-Stubbs then filed a DMCA takedown notice against S.W. on Soundclick.com, causing S.W.'s version of "Shake Rag" to be removed from the website.

14. Green-Stubbs engaged in several local performances claiming "Shake Rag" as her own, beginning with the 2017 Tupelo Elvis Festival. She also released the song on iTunes, Amazon music, and a number of other digital outlets on August 6, 2017.

15. In September of 2017, as part of their Mississippi Bicentennial Project, Blue Magnolia Films produced a video about Elvis Presley called "A Boy from Tupelo," featuring a voice over and photos by Roy Turner, a local Tupelo/Elvis historian and "Shake Rag" as the background music. The video lists Green-Stubbs as Shake Rag's composer and contains footage of Green-Stubbs singing the composition and dancing with a group of children. Upon information and belief, this video has been distributed at elementary schools in Mississippi.

16. On June 4, 2018, Patricia and S.W. registered their copyright in the "Shake Rag" sound recording, lyrics, and music, in the U.S. Copyright Office, as evidenced by the Certificate of Registration for SR0000821879, which was issued by the Register of Copyrights. Certificate of Registration, attached as Exhibit "C."

17. On April 9, 2019, Patricia and S.W. sent a letter to Green-Stubbs, demanding that she cease and desist any and all use of the song "Shake Rag" and cancel her copyright registration of the same. Green-Stubbs did not respond. Cease and Desist Letter, attached as Exhibit "D."

## CAUSES OF ACTION

## COUNT I: COPYRIGHT INFRINGEMENT

18. Plaintiffs incorporate and reallege the foregoing paragraphs as if fully set forth herein.

19. Plaintiffs are, and at all relevant times have been, copyright owners under United States copyright law with respect to the musical composition entitled "Shake Rag," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights.

20. Among the rights granted to the Plaintiffs under the Copyright Act are the exclusive rights to reproduce the copyrighted materials, distribute the copyrighted materials to the public, to prepare derivative works, to perform the copyrighted work publicly, and to display the copyrighted work publicly.

21. Defendants, without the permission or consent of Plaintiffs, and without authority, are copying, reproducing, distributing, and selling sound recordings of "Shake Rag" to the public, including but not limited to digital downloads, licenses, streaming, and all other economic exploitation and video recordings. Defendants' conduct constitutes direct infringement of Plaintiffs' exclusive rights under the Copyright Act to reproduce and distribute their copyrighted musical composition. By virtue of this unauthorized commercial exploitation, Defendants have realized illegal revenues.

22. Defendants, without the permission or consent of Plaintiffs, and without authority, are publicly performing and purporting to authorize the public performance of Plaintiffs' copyrighted musical composition "Shake Rag." Defendants' conduct constitutes direct infringement of Plaintiffs' exclusive rights under the Copyright Act to publicly perform

their copyrighted musical composition. By virtue of this unauthorized commercial exploitation, Defendants have realized illegal revenues.

23. Defendants, without the permission or consent of Plaintiffs, and without authority, are publicly displaying and purporting to authorize the public display of Plaintiffs' copyrighted musical composition "Shake Rag." Defendants' conduct constitutes direct infringement of Plaintiffs' exclusive rights under the Copyright Act to publicly display their copyrighted musical composition. By virtue of this unauthorized commercial exploitation, Defendants have realized illegal revenues.

24. Defendants further infringed Plaintiffs' copyright in "Shake Rag" by issuing licenses to third parties, including but not limited to Blue Magnolia Films, for the use, publication, and exploitation of "Shake Rag." Said licenses were issued without any consent or authority from Plaintiffs. By virtue of this unauthorized commercial exploitation, Defendants have realized illegal revenues.

25. As a direct and/or proximate result of the Defendants' infringement of Plaintiffs' copyright in "Shake Rag," Plaintiffs have suffered damages. Said injuries are continuing and will not abate in the future.

26. Upon information and belief, by the acts complained of, Defendants have made profits and gains which they are not in law or in equity entitled to obtain or retain.

27. Defendants' acts are and were intentional, knowing, willful, and/or made with utter reckless disregard for the copyright interest of the Plaintiffs, thus entitling Plaintiffs to all available remedies pursuant to the Copyright Act, 17 U.S.C. §§ 101 et seq., including but not limited to temporary, preliminary, and permanent injunctions; Plaintiffs' damages; Defendants' profits; statutory damages; willful/enhanced statutory

damages; attorneys' fees and expenses; costs; pre-judgment interest; post-judgment interest; and other equitable relief.

### COUNT II — DECLARATORY JUDGMENT OF FRAUDULENT COPYRIGHT REGISTRATION

28. Plaintiffs incorporate and reallege the foregoing paragraphs as if fully set forth herein.

29. On April 19, 2017, Green-Stubbs submitted a copyright registration application for "Shake Rag," that falsely, willfully and deliberately claimed that Green-Stubbs was sole owner and the composer of the entirety of the music, lyrics, musical arrangement, vocals, and background vocals.

30. Copyright Office registration forms include a recitation of 17 U.S.C. § 506(e), and require applicants to sign a certification as follows:

> 17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.
>
> I certify that I am the author, copyright claimant, or owner of exclusive rights, or the authorized agent of the author, copyright claimant, or owner of exclusive rights, of this work, and that the information given in this application is correct to the best of my knowledge.

31. Despite the false statements in her application, Green-Stubbs made this certification to the U.S. Copyright Office.

32. Based on these misrepresentations, the U.S. Copyright Office issued Registration No. SRu001299941 for "ShakeRag...Not Forgotten!" to Green-Stubbs.

33. As such, Plaintiffs request that this Court declare that Registration No. SRu001299941 was obtained through fraud, and thus not subject to copyright protection under 17 U.S.C. § 409, and should be cancelled by the U.S. Copyright Office.

34. By reason of the foregoing, an actual and justiciable controversy exists between the parties concerning Plaintiffs' and Defendants' respective copyrights rights in "Shake Rag," requiring declaratory relief.

35. The aforesaid declaration is necessary and appropriate at this time to affirm Plaintiffs' copyright in "Shake Rag."

36. Plaintiffs have no adequate remedy at law.

37. Accordingly, pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiffs seek a judgment from this Court that Defendants' copyright registration in Registration No. SRu001299941 is fraudulent, invalid, and should be cancelled by the U.S. Copyright Office.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiffs demand a jury trial as to issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

1. Enter judgment that Defendants have infringed upon Plaintiffs' copyright in "Shake Rag;"

2. Enter judgment that Defendants' copyright registration in Registration No. SRu001299941 is fraudulent, invalid, and should be cancelled by the U.S. Copyright Office.

3. Permanently enjoin Defendants, their officers, directors, agents, partners, employees and related companies, and all persons acting in concert with them, from copying, reproducing, distributing, advertising, promoting, preparing derivative works from, or displaying "Shake Rag;"

4. Award to Plaintiffs their actual damages incurred as a result of Defendants' acts of copyright infringement, and all profits Defendants realized as a result of their acts of copyright infringement, in amounts to be determined at trial; or award to Plaintiffs statutory damages pursuant to 17 U.S.C. § 504 at Plaintiffs' election and/or willful/enhanced statutory damages;

5. Award to Plaintiffs, pursuant to 17 U.S.C. § 505, its costs and attorneys' fees incurred as a result of Defendants' acts of copyright infringement;

6. Award to Plaintiffs such other and further relief as the Court deems just and proper.

Respectfully submitted, this 13th day of May, 2019.

                                               */s/ Stephan L. McDavid*
                                               Stephan L. McDavid, MSB No. 8380
                                               MCDAVID & ASSOCIATES, PC
                                               1109 Van Buren Avenue
                                               Post Office Box 1113
                                               Oxford, Mississippi 38655
                                               Telephone: (662) 281-8300
                                               Facsimile: (662) 281-8353
                                               smcdavid@mcdavidlaw.com
                                               *Attorney for Plaintiffs*

.