IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

PATRICIA CHAMBERS, on her own behalf
And as next fried on behalf of minor child,
S.W.

PLAINTIFF

v.

Civil Action No. 1:19-cv-00093-GHD-DAS

STEPHANIE GREEN-STUBBS; and
STEFANY'S VOCAL & PERFORMANCE
TRAINING STUDIOS, LLC

DEFENDANTS

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

Presently before the Court is the Plaintiff's motion for default judgment against the Defendants in this copyright infringement dispute [Doc. No. 13]. Upon due consideration, the Court finds that the motion should be granted and that this matter shall proceed to a hearing to determine the appropriate amount of damages.

On May 13, 2019, the Plaintiff filed a complaint against the Defendants, asserting claims for copyright infringement and seeking actual damages, statutory damages, costs, and attorneys' fees [Doc. No. 1]. On July 10, 2019, the Defendants were served with process, but failed to plead or otherwise defend this action [5, 6]. On October 23, 2019, the Plaintiff filed a Motion for Entry of Default, which the Clerk of Court granted on the following day [11, 12]. Plaintiff then filed the present Motion for Default Judgment on February 21, 2020, to which the Defendants have failed to respond [13, 14].

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions upon which default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed. R. Civ. P. 55. "The Fifth Circuit requires a three-step process for securing a default judgment."

*Chevron Intell. Prop., L.L.C. v. Mashiana,* No. 4:10–CV–352, 2011 WL 2637372, at *1 (E.D. Tex. June 10, 2011) (citing *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir.1996)). A default occurs when the defendant fails to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. *Id.* (citing Fed. R. Civ. P. 55(a); *New York Life Ins.,* 84 F.3d at 141). The clerk may then enter an entry of default when default is established by affidavit. *Id.* (*citing* Fed. R. Civ. P. 55(a); *New York Life Ins.,* 84 F.3d at 141). After an entry of default, the plaintiff may seek a default judgment. *Id.* (*citing* Fed. R. Civ. P. 55(b)).

Because the Defendants have failed to timely answer or otherwise plead in the instant litigation, the well-pleaded allegations in the Complaint are taken as admitted. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975); *CENTRIA v. Alply Architectural Bldg. Sys., LLC,* No. 4:11–CV–79–CWR–LRA, 2012 WL 73235, at *4 (S.D. Miss. Jan. 10, 2012) (citation omitted).

A separate hearing must be held to determine the amount of damages for which the Defendants are liable. Fed. R. Civ. P. 55(b). At the hearing, the Plaintiff will be permitted to present evidence on the claims as well as the damages she alleges she suffered because of the Defendants' conduct. *See* Fed. R. Civ. P. 55(b)(2).

THEREFORE, it is hereby ORDERED that the Plaintiff's Motion for Default Judgment [13] is granted. The Court will defer entering judgment until the Court receives and considers the Plaintiff's evidence on damages at an evidentiary hearing. The Court will issue a Notice setting a

hearing date regarding the Plaintiff's motion in the near future.

SO ORDERED, this, 11th day of March, 2020.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE