IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

PATRICIA CHAMBERS, on her own behalf and
As next friend on behalf of the minor child
S.W.

                                                                                            PLAINTIFF

v.                                                                CIVIL NO. 1:19-CV-093-GHD-DAS

STEPHANIE GREEN-STUBBS and
STEFANY'S VOCAL & PERFORMANCE TRAINING STUDIOS LLC,
                                                                                         DEFENDANTS

## **OPINION DENYING DEFENDANT GREEN-STUBBS'S MOTION FOR A NEW TRIAL**

Presently before the Court is the Motion for a New Trial brought before the Court by Defendant Stephanie Green-Stubbs, who is proceeding *pro se* under the name Stephanie Denise Stubbs. For the reasons stated herein, the Defendant's motion is DENIED.

### I.     Procedural Posture

On May 13, 2019, the Plaintiff filed her Complaint against the Defendants alleging a claim for copyright infringement and seeking from the Court a declaratory judgment of fraudulent copyright registration [1]. Defendant Stephanie Green-Stubbs, acting in a pro se capacity and identifying herself as Stephanie Denise Stubbs, filed a Motion for Additional Time to respond to the Complaint on July 31, 2019, on her own behalf and on behalf of Defendant Stefany's Vocal & Performance Training Studios, LLC [7]. The Plaintiff opposed the motion [8]. The Court granted the Defendant's motion, giving her an additional fourteen days to file her answer to the Plaintiff's Complaint and giving Defendant Stefany's Vocal & Performance Training Studios, LLC, another twenty-eight days to file an answer through a licensed attorney [9]. Defendant Green-Stubbs filed a notice of change of pro se address with the Court on September 23, 2019 [10]. The

Defendants failed to file an answer to the Plaintiff's Complaint, or provide any explanation for this failure to answer.

On October 23, 2019, the Plaintiff filed a Motion for Entry of Default [11], and the Clerk of Court entered a Default against the Defendants on October 24, 2019 [12]. On February 21, 2020, the Plaintiff filed a Motion for Default Judgment [13], along with a corresponding Memorandum in Support of Plaintiff's Motion for Default Judgment [14]. The Court granted the Plaintiff's Motion for Default Judgment on March 11, 2020 [15]. After being rescheduled twice due to the COVID-19 pandemic [16; 17; 18; 19; 20; 21], a fully and formally noticed hearing on damages was held on September 17, 2020 [22; 24; 25]. On January 12, 2021, the Court issued a Memorandum Opinion on Damages [29] and an Injunctive Order [28], in which the Court (1) enjoined the Defendants from using the registered copyright fraudulently acquired by Defendant Green-Stubbs; (2) enjoined the Defendants from infringing on the Plaintiff's copyrighted work; (3) ordered Defendant Green-Stubbs to follow U.S. Copyright Office procedures to cancel her fraudulently acquired copyright registration; and (4) ordered the Defendants to pay the Plaintiff's court costs [28]. Defendant Green-Stubbs filed her Motion for a New Trial on February 9, 2021 [33], and the Plaintiff filed their Response in Opposition to the Defendant's Motion for a New Trial on February 23, 2021 [35]. The matter is now ready for review.

## II.     Legal Standards

The Defendant's motion, titled "Motion for New Trial," does not reference a Federal Rule of Civil Procedure number; while its title may suggest that Rule 59(a)—the general rule for granting a new trial—is appropriate, this is not in fact the case, because 59(a) is only applicable following a trial. *McGillivray v. Countrywide Home Loans, Inc.*, 360 Fed.Appx. 533, 535 n. 1 (5th Cir. 2010). Since this case was not decided through a trial but rather through the granting of the

Plaintiff's Motion for Default Judgment [15] and an Opinion [29] and Order [28] following a hearing on damages, the Court considers the Defendant's motion to be a Motion to Alter or Amend a Judgment filed under Rule 59(e), and will characterize it as such throughout this opinion. *See Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n. 1 (5th Cir.1996); *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 669–70 (5th Cir.1986) ("'[A]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label.'" (quoting 9 MOORE'S FEDERAL PRACTICE ¶ 204.12[1], at 4–67 (1985))); *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 748 n.9 (5th Cir. 2006); *Farquhar v. Steen*, 611 Fed.Appx. 796, 799 (5th Cir. 2015); and *Smither v. Ditech Financial, L.L.C.*, 681 Fed.Appx. 347, 350 n.4 (5th Cir. 2017) (citing *Calhoun v. F.B.I.*, 546 Fed.Appx. 487, 489 n.2 (5th Cir. 2013)). "A district court may grant relief under Rule 59(e)(1) if an intervening change in controlling law occurs; if new evidence becomes available; or to correct a clear error of law or prevent manifest injustice." *McGillivray*, 360 Fed.Appx. at 537 (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir.2002)). Moreover, a Rule 59(e) motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990) (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)).

### III.   Analysis and Application

In the case *sub judice*, Defendant Stubbs-Green has failed to make the necessary showing for granting a 59(e) motion. There has been no intervening change in controlling law, nor has new evidence come to light. Similarly, there has not been a clear error of law, nor is there the potential for manifest injustice that would need to be prevented. The Defendant states that she was present at the hearing on damages but was not allowed to speak on her own behalf or address the Court in her own defense as a pro se defendant [33]. She further states that she was prevented from crossing

the bar by one of the Court's personnel [36]. The Plaintiff, in their Response to the Defendant's Motion, states that the Defendant appeared late to the hearing and "undertook no affirmative action to be heard by the Court" [35, at 5]. As the Court recalls, the Defendant was not present at the start of the hearing. Additionally, the Court recalls that a person did arrive late to the hearing, attempted to cross the bar, and was directed to the public viewing gallery by a member of the Court's personnel. The Court received no word at the time that this person was the Defendant, presuming that it was in fact her. The Court notes that members of the public are free to view public hearings in person, setting aside COVID-19 restrictions, and that the Court frequently views unknown members of the public witnessing hearings and trials. However, for the safety of the parties and Court personnel, members of the public are not allowed beyond the bar. Thus, the Court acted to ensure the safety of the parties and the Court by ensuring that a then-unknown woman was prevented from venturing beyond the bar. Moreover, the Court takes its work seriously and does not entertain those apparently seeking to disrupt this work by crossing the bar, nor does the Court maintain a policy of directly addressing those who attempt to do so to ascertain their identities. The Court further notes that, as a general rule, parties should identify themselves to Court personnel before the start of any proceeding and should arrive early; failing that, they should call ahead to indicate that they will be late and provide a reason for their tardiness.

    Even setting the issue of presence aside, a new trial is not warranted because even if the Defendant had been able to "defend herself" at the hearing for damages, it would not have had a material impact on the case. This is because the Defendant received the best possible outcome for her case under the circumstances, in that the Plaintiff was not awarded any damages at all and the injunctive relief and court costs were predicated on the granting of the Plaintiff's Motion for Default Judgment, not the Order issued after the hearing on damages. The Defendant lost her

opportunity to defend against the Default Judgment long before the hearing on damages; she simply failed to present her case at any point prior to the hearing on damages, despite knowledge of the litigation against her and previous contact with the Court.

The Court notes the lengthy process that this case has undergone. The Complaint was initially filed on May 13, 2019 [1], and the Defendant herself filed a Motion for Additional Time on July 31, 2019 [7], a motion that the Court granted on September 3, 2019 [9]. This engagement with the Court demonstrates the Defendant's awareness of the case, and at least a rudimentary knowledge of the legal system. More importantly, it highlights the fact that the Defendant had clear notice of the case and her responsibility to defend herself in a timely manner. The Defendant admits in her Motion that she was served with the Complaint and summons on or about July 10, 2019, and was granted until September 17, 2019, to file her answer—a period of over two months. The Court further notes that the Defendant engaged with the Court again; instead of filing her Answer on September 17, 2019, as instructed by the Court, she sent on that date a Notice of Change of Address [10]. This again shows that the Defendant was on notice regarding her case, and had the capacity to contact the Court to file updates or request information. More to the point, this sequence of events demonstrates the Defendant's flagrant disregard for the Court's instructions. The Court further notes that the Defendant had even more time to contact the Court. The Entry of Default against her was not filed until a month later, on October 24, 2019 [12], and the Court's granting of the Plaintiff's Motion for Default Judgment against the Defendants was not granted until March 11, 2020, nearly six months after the Defendant's deadline for filing her Answer and the last time that she made some form of contact with the Court prior to the hearing on damages, which itself took place six months later on September 17, 2020 [23]. The Defendant had more than an ample amount of time to make her case. All told, the Defendant had over a year to contact

the Court, explain her absence, and at least begin the process of defending herself. Yet she failed to do so, and she must now face the consequences for that failure.

The Defendant cannot take her opportunity at a hearing on damages to litigate the issues already resolved by the granting of the Motion for Default Judgment. Had the Defendant wanted to argue these points, she would have needed to do so long before the hearing on damages, and the Court will not entertain the Defendant's quixotic attempt to argue her case after ignoring her opportunities to do so for months prior to the hearing in question. As such, the injunctive relief and court costs—determined by the Default Judgment—were forgone conclusions prior to the hearing on damages; the only remaining issue at the hearing on damages was the amount of damages to be awarded to the Plaintiff. Since the Plaintiff was not awarded any damages and the Defendant already received a favorable outcome while doing nothing in court, the issue of the Defendant's participation in this proceeding is moot.

### IV. Conclusion

For these reasons, the Defendant's Motion for a New Trial, taken by the Court to be a Motion to Alter or Amend a Judgment, is DENIED.

An order in accordance with this opinion will issue on this day.

THIS, the 5th of April, 2021.

                                                      _/s/ Glen H. Davidson_
                                                      SENIOR U.S. DISTRICT JUDGE